# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

LIBARDO FORTANEL, II,

                Plaintiff,

vs.

TOM FLECKER,[1] et al.

                Defendant.

Case No. 2:08-cv-01427-KJD-PAL

**ORDER**

(Mtn to Appoint Counsel - Dkt. #20)

This matter is before the court on Plaintiff's Motion to Appoint Counsel (Dkt. #20). The court has considered the Motion.

Plaintiff is a state prisoner proceeding *pro se*. On July 23, 2008, the court entered an Order (Dkt. #8) allowing Plaintiff to proceed *in forma pauperis,* screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and directing service on Defendants Felker and Wright. Plaintiffs Complaint alleges that on May 21, 2007, he was injured at the High Desert State Prison during a riot caused by severe overcrowding. Plaintiff alleges that Defendants Felker and Wright are liable for his injuries because they were aware that the overcrowding was causing escalated tension among inmates, and they failed to act to remedy the conditions.

In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d

/ / /

---

[1] Defendant's true name is "Felker," and he will be referred to as such in this Order.

1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  It is therefore the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel

The court appreciates that almost every *pro se* litigant would be better off if represented by counsel.  Upon reviewing the motions and Plaintiff's application to proceed *in forma pauperis*, it appears that Plaintiff is not financially able to retain counsel.  See <u>Bradshaw</u>, 662 F.2d at 1319 (noting that "a lesser showing of indigency is required to satisfy the test for appointment of counsel [than to proceed *in forma pauperis*]").  The second factor weighs against Plaintiff.  He has not established that he is likely to succeed on the merits of his case.  Lastly, Plaintiff has not demonstrated that there are complex factual or legal issues involved in this case.  This case does not raise complex issues of fact or law.  The final factor the court must examine is whether Plaintiff's claims have potential merit.  Although the allegations set forth in the complaint state a claim for initial screening purposes under 28 U.S.C. § 1915, they are insufficient on their own to establish that Plaintiff's claims have merit.

Having reviewed and considered the matter, and good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. #20) is **DENIED.**

Dated this 25th day of September, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE