**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIBERADO FORTANEL II, | ) |
| Plaintiff, | ) Case No. 2:08-cv-01427-KJD-PAL |
| vs. | ) **ORDER** |
| TOM FELKER, et al., | ) |
| Defendant. | ) |

Currently before the Court is Defendants' Warden Tom Felker ("Felker") and Captain Wright's Motion to Dismiss (##21 and 22). Plaintiff Liberado Fortanel ("Fortanel" or "Plaintiff") filed an Opposition (#24), to which Defendants filed a Reply (#25). Subsequently, Plaintiff filed his Responsive Brief in Opposition (#26).

**I. Facts**

Plaintiff, Fortanel, II is a California state prisoner proceeding *in forma pauperis*, who filed a Complaint on June 23, 2008, against High Desert State Prison ("HDSP") Warden Tom FeLker, and Captain Wright, alleging constitutional claims under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that on May 21, 2007, while housed in the gym at HDSP, he was injured during a riot caused by severe overcrowding.

According to Plaintiff, during the riot—of which he claims he was not a participant—a block gun was discharged and he was struck in the eye, causing him severe pain and injury. Plaintiff's Complaint describes the overcrowded conditions of the HDSP gym, including the close vicinity of the bunks and the wait to use the restroom. Plaintiff does not aver that Felker or Wright were involved in the riot, but alleges that they acted with deliberate indifference, because they were aware of the escalation in violence and tension between inmates caused by overcrowding, and failed to act to remedy

the conditions.

Plaintiff attaches three documents to his complaint demonstrating that, in October 2007, he made three attempts to file an administrative grievance at the first level of review regarding the May 21, 2007 riot. Each of Plaintiffs grievances were rejected because Plaintiff waited nearly five months to file them, in violation of California Code of Regulations, Title 15, section 3084.6(c), which requires the inmate to submit an appeal within fifteen days of an alleged incident. According to Plaintiff, he subsequently attempted twice to file the grievance with the Director's level of review. Said appeals were rejected however, for a failure to complete the lower levels of review, and because the appeal had been rejected at the lower levels of review, respectively.

Defendants seek that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## II. Motion to Dismiss for Failure to Exhaust Administrative Remedies

A motion to dismiss for failure to exhaust nonjudicial remedies is treated as an unenumerated 12(b) motion. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. See id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See id. at 368 n. 3 (1988).

In this case, Defendants assert that Plaintiff has not exhausted his nonjudicial remedies, because (1) Plaintiff failed to file his formal grievance within fifteen (15) days of the alleged incident, and (2) Plaintiff failed to appropriately utilize the grievance procedures. Plaintiff responds by asserting (1) that his ability to file an administrative grievance was impeded by staff at HDSP and California State Prison, Solano (SOL), who inappropriately screened out his appeals; (2) that he is not required to exhaust administrative remedies because doing so would be futile; and (3) that factual allegations must exist because courts have held overcrowding to be unconstitutional. (Pl.'s Opp'n.) The Court agrees with Defendants.

**III. Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under this Rule, prisoners must complete the prison's administrative grievance process regardless of the relief offered. Booth v. Churner, 532 U.S. 731, 741 (2001). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 741.  According to the Supreme Court, the purpose of section 1997e(a) was to "reduce the quantity and improve the quality of prisoner suits . . . [to] afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524–25 (citing Booth v. Churner, 532 U.S. at 737). If the district court concludes that an inmate has failed to exhaust nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d at 368 n. 3 (9th Cir. 1988).

**A. California's Administrative Remedy Procedures**

California's administrative appeal system for inmates is described in Title 15 of the California Code of Regulations.  Under the Code, "[a]ny inmate or parolee under the [California Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. Title 15, § 3084.1(a).  In order to exhaust administrative remedies within this system, a prisoner must proceed through several levels of appeal, including: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, (4) third level appeal to the director of the California Department of Corrections.

Where staff grant only some of the relief requested in the inmate's appeal, or if the inmate believes that he is entitled to any other form of relief or otherwise finds the resolution unacceptable for any reason, the inmate must continue the exhaustion process to the Director's level of review.  (Grannis Decl., Ex. A.)  Therefore, an inmate seeking judicial relief in excess of administrative relief granted at any level must present his claim to the Director's level, and this relief remains unexhausted until denied

1  at the Director's level. (Id.)  A final decision at the Director's level satisfies the exhaustion requirement
2  under § 1997e(a).  Barry v. Ratelle, 985 F. Supp. 1235, 1237–38 (S.D. Cal. 1997).

3      The second level of review must be completed before filing and appeal at the third, final level.
4  Cal. Code Regs. Title 15, §§ 3084.5(c).  Typically, if an inmate fails to include evidence of attempt to
5  resolve the grievance at the lower level, but files his appeal directly at the final level of review, that
6  appeal will not be considered and will be returned to the inmate.  Cal. Code Regs. Title15, § 3084.3.
7  To comply with the PLRA's exhaustion requirement, Plaintiff must have filed a grievance and
8  exhausted all of its associated remedies before filing a complaint with the Court.

9      Here, Plaintiff failed to file his administrative grievances against Defendants Felker and Wright
10 in accordance with the procedures set forth in sections 3084.1 through 3084.7 of Title 15 of the
11 California Code of Regulations.  Specifically, Plaintiff's attempts to file grievances to the first level
12 were rejected on three occasions for failing to file within fifteen days of the incident as required in Title
13 15, section 3084.6 of the California Code of Regulations.  (See Compl. at 46, 47, and 48.)
14 Subsequently, Plaintiff incorrectly attempted twice to file an appeal with the Director's level of review
15 (Grannis Decl., Ex. A.)  The appeals were rejected in December 2007, for failure to complete the lower
16 levels of review, and again in March 2008, because the appeal had been rejected at the lower levels of
17 review.  (Id.)

18      Plaintiff's argument that his ability to file grievances was impeded because his appeals were
19 inappropriately screened, fails.  Plaintiff concedes that his grievances were filed more than five months
20 following the incident reported, and offers no explanation for delay other than to argue that he is not
21 required to exhaust administrative remedies because doing so would be futile.  As mentioned above
22 however, in Booth v. Churner, the Supreme Court rejected this argument, when it held that exhaustion
23 of administrative remedies is required even in cases where the relief sought cannot be granted via the
24 administrative process.  532 U.S. at 741.

25      Because the Court finds that Plaintiff has failed to exhaust his administrative remedies in
26 accordance with Title 15, section 3084 of the California Code of Regulations, the Court hereby

27
28

dismisses Plaintiff's Complaint without prejudice.[1]

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Tom Felker and Captain Wright's Motion to Dismiss (#21) is **GRANTED**.

DATED this 28th day of September 2009.

_____
Kent J. Dawson
United States District Judge

---

[1] Because Plaintiff has failed to exhaust his administrative non-judicial remedies as required under the PLRA, the Court does not consider Defendants' additional claims supporting dismissal at this time.